# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3025
_____

United States of America

*Plaintiff - Appellee*

v.

Lawrence Lamar Newell, III

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: January 12, 2026
Filed: August 13, 2026
_____

Before LOKEN, ARNOLD, and GRUENDER, Circuit Judges.
_____

LOKEN, Circuit Judge.

Cedar Rapids, Iowa police officers conducted a traffic stop of a vehicle on November 4, 2023 and asked passenger Lawrence Newell III to exit the car because they smelled marijuana. Newell exited and attempted to flee. An officer pushed him to the ground, and a scuffle ensued when Newell, ignoring the officer's order to put his hands behind his back, pulled a pistol from his waistband and motioned as if to shoot himself or the officer. Then 19 years old, Newell had a prior 2022 state court

felony conviction for Burglary and Assault While Displaying a Dangerous Weapon. Officers grabbed the gun and arrested him. After Miranda warnings, he admitted during a post-arrest interview that he had intended to use the gun to kill himself or to force the officers to kill him to avoid having to return to prison. He was charged and pleaded guilty to one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8).

The government's investigation revealed that Newell and a friend convinced other individuals to purchase guns for them. Newell intended to use weapons to carry out a robbery with a third conspirator. The pistol officers seized from Newell during the traffic stop matched a pistol used during a "shots fired" incident the prior month. The Presentence Investigation Report (PSR) reported a turbulent childhood with an absentee father and a period in foster care following abuse by his mother and her boyfriend; childhood diagnoses of depression, anxiety, and PTSD; and a history of marijuana and prescription drug abuse. Newell was expelled in tenth grade for fighting and had a prior felony conviction for burglary committed when he was eighteen, a year prior to this offense. The PSR calculated a total offense level of 25 and a criminal history category of I resulting in an advisory guidelines sentencing range of 57 to 71 months imprisonment.

At sentencing, Newell moved for a downward variance, arguing his age, impulsivity, mental health issues, and difficult upbringing counseled in favor of a below-range sentence.[1] The government requested a sentence within the guidelines

---

[1] Young age and impulsivity were then considerations enumerated in USSG § 5H1.1. The Sentencing Commission removed § 5H1.1 from the Guidelines after Newell's sentencing, but sentencing courts may still impose downward variances based on a defendant's age, drug dependence, and any other condition "to the extent that [it] mitigates the defendant's culpability [or] is otherwise plainly relevant." USSG Ch. 1, Pt. A, comment. (bckg'd.).

range, noting that Newell's youth and impulsivity weighed against granting a variance, because "young offenders possessing firearms in the defendant's age range making these choices [have] a very high risk of recidivism. The statistics really bear that out."

After hearing arguments from counsel and a statement from Newell, the district court[2] sentenced Newell to 57 months imprisonment and three years of supervised release:

> I have considered all the factors of [18 U.S.C. §] 3553(a) even if I don't mention each of them in my comments here. . . . [T]he defendant was adamant about getting a firearm and conspiring with other people to get a firearm for him and his friend. And the purpose was not to protect himself. The purpose was to rob other people. . . . The defendant's conduct at the scene of his arrest . . . was very dangerous.

Regarding Newell's claim he wanted to kill himself during the traffic stop, the court noted his demeanor during the custodial interview was "calm," "collected," and "calculating[.]" The court acknowledged Newell's "undiagnosed anger problems[,]" "mental health struggles[,]" and "lousy childhood[,]" including his mother's abuse. Regarding a downward variance for youth and impulsivity, the district court acknowledged "there may be some basis for that in some cases," but declined to impose the variance here because "young men convicted of gun crimes are highly likely to reoffend in the future." Accordingly, Newell's youth and impulsivity made him an "incredible danger to the community[.]" The court also noted Newell was on probation for robbery at the time of his arrest and planned to use the gun in a future robbery. The court declined a downward variance but concluded that Newell's age,

---

[2]The Honorable C.J. Williams, Chief Judge of the United States District Court for the Northern District of Iowa.

difficult upbringing, and mental health issues were "sufficient grounds for me to sentence him at the bottom of this advisory guideline range."

Newell appeals, arguing the district court imposed a substantively unreasonable sentence because it declined to grant a downward variance for his youth and impulsivity. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A within-range sentence is entitled to a presumption of reasonableness. We have repeatedly affirmed within-range sentences when the district court denied a defendant's request for a downward variance. See, e.g., United States v. Thunderhawk, 799 F.3d 1203, 1209-10 (8th Cir. 2015); United States v. Cosen, 965 F.3d 929, 932 (8th Cir. 2020). The district court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

Here, the district court explicitly weighed Newell's young age and impulsivity, and other mitigating factors including mental health issues, substance abuse issues, troubled childhood, and parental absence and abuse, but concluded that Newell is an "incredible danger to the community" because he is "highly likely to reoffend in the future." A sentencing court has substantial discretion to deny a requested variance when other factors, such as criminal history and a pattern of violent conduct, weigh against granting the variance. See, e.g., United States v. Hicks, 668 F. App'x 683, 685 (8th Cir. 2016) (affirming felon in possession sentence on low end of advisory range for young defendant who had a difficult upbringing); United States v. Valadez, 573 F.3d 553, 556 (8th Cir. 2009) (affirming low end of range sentence when district court denied a variance in spite of the defendant's youth, substance abuse, and limited education). The district court's decision not to follow the Guidelines' § 5H1.1 policy statement was well within its sentencing discretion. See, e.g., United States v.

Ketcher, --- F.4th ---, No. 24-3142, 2026 WL 2208613, at *3-*4 (8th Cir. July 31, 2026).

The judgment of the district court is affirmed.

_____